(68 Misc. Rep. 96.)

MARQUARDT v. CLEMENT, State Com'r of Excise, et al.

(Supreme Court, Special Term, Kings County. June, 1910.)

INTOXICATING LIQUORS (§ 106\*) — REVOCATION OF LIQUOR TAX CERTIFICATE — CONSTRUCTION OF STATUTE.

Liquor Tax Law (Consol. Laws, c. 34) § 36, subd. 2, provides that, where the applicant for a liquor tax certificate or a transfer thereof has been convicted of certain offenses or of a violation of certain other provisions of the act, he shall forfeit the certificate. *Held*, that the forfeiture ipso facto of a certificate upon conviction is a forfeiture of the certificate under which he was trafficking at the time of the offense, and

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not of a certificate subsequently issued and held by him at his conviction, and, where a person at the time of committing the offense was a bartender employed by his father, and subsequently procured a certificate for himself, the State Commissioner of Excise could be restrained from canceling the latter certificate.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 106.*]

Action by Charles Marquardt against Maynard N. Clement, State Commissioner of Excise, and others to restrain the cancellation of a liquor tax certificate. Judgment for plaintiff.

Thomas C. Whitlock, for plaintiff.
. Herbert H. Kellogg, for defendants.

KELLY, J. The conviction of the plaintiff for violating the liquor tax law (Consol. Laws, c. 34) did not of itself work a forfeiture of the new certificate under which he was trafficking on the date of the judgment of conviction under section 36, subd. 2, of the law.

That section provides that, upon conviction, the person convicted shall be guilty of a misdemeanor "and shall forfeit the liquor tax certificate and be deprived of all rights and privileges thereunder." At the time the plaintiff violated the law he was not the holder of a certificate. He was a bartender employed by his father. Forfeiture ipso facto of the certificate referred to in section 36, subd. 2, refers to the certificate under which the traffic is conducted at the time of the violation.

The plaintiff started in business for himself at the same store some months after the violation which occurred while he was a bartender. He procured a new certificate issued in his own name. The violation occurred April 11, 1909, while he was working for his father, who held the old certificate. The new certificate was issued to plaintiff individually on September 15, 1909, authorizing him to traffic in liquors during the excise year beginning October 1, 1909. While conducting traffic under this new certificate he was convicted on December 2, 1909, of the offense committed in April. The defendant claims that this conviction forfeits the new certificate ipso facto. I do not interpret the statute in that way. It is provided in section 21 of the law, subd. "d," that no person who has been convicted of a violation of the act shall traffic in liquors until three years from the date of such conviction. Therefore, after conviction, the plaintiff was not entitled to traffic in liquors, but the certificate could only be revoked on notice in the manner pointed out by section 27 of the law, subd. 2.

Judgment for plaintiff; but the injunction shall not be construed as preventing proper and legal proceedings to obtain a revocation of said license.

Judgment accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes